J-S78033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICK LEE BYERS, | : | |
| | : | |
| Appellant | : | No. 1215 MDA 2014 |

Appeal from the Judgment of Sentence entered on May 28, 2013
in the Court of Common Pleas of Adams County,
Criminal Division, No. CP-01-CR-0000958-2010

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　**FILED JANUARY 30, 2015**

Rick Lee Byers ("Byers") appeals from the judgment of sentence imposed following the revocation of his intermediate punishment sentence. Additionally, Byers's counsel, Jamison Entwistle, Esquire ("Entwistle"), has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Entwistle's Petition to Withdraw and affirm.

The trial court set forth the relevant underlying facts as follows:

On August 29, 2010, [Byers] was charged with the crime of persons not to possess firearms as a felony of the first degree[,] in violation of Section 6105(a)(1) of the Pennsylvania Crimes Code.  [***See*** 18 Pa.C.S.A. § 6105(a)(1).]  The affidavit of probable cause alleged that [Byers] possessed two rifles despite a criminal history[,] which included a conviction for burglary as a felony of the first degree.  On January 24, 2011, [Byers] entered a plea of *nolo contendere* to the charge against him.  As the plea was entered without agreement as to sentencing, a pre-sentence investigation was ordered.  Included among information in the

pre-sentence investigation was the Pennsylvania standard sentencing guideline range calculation. That calculation revealed an offense gravity score of nine (9) for the crime [of] which [Byers] was convicted. It further revealed [that Byers] had a prior record score of five (5)[,] thereby carrying a standard minimum sentence guideline range of 48 months to 60 months[,] with a mitigated range of minus 12 months. Prior to sentencing, the [c]ourt weighed the relevant factors[,] noting [Byers]'s burglary conviction was more than 30 years old. Based upon consideration of those factors[,] and in order to give [Byers] the opportunity to prove his recent conduct was an aberration, the [c]ourt imposed a sentence well below the standard sentencing guideline range. [Byers] was sentenced to 36 months of county intermediate punishment[,] with 13 days to be served in partial confinement and the remaining time spent on probationary phases. [Byers] was credited for 13 days of partial confinement.

On June 16, 2011, [Byers] was given notice for a violation of his sentence of intermediate punishment. Specifically, he admitted that on June 15, 2011[,] and June 16, 2011, he was present in a vehicle which contained marijuana. The violation resulted in a warning without revocation. Shortly thereafter, [Byers] once again violated his sentence and admitted to using marijuana on October 4, 2011[,] and October 19, 2011. Rather than initiate revocation proceedings, a case review was conducted by the Probation Department and a plan was subsequently entered with [Byers].

On April 2, 2013, the Commonwealth moved to revoke [Byers]'s sentence of intermediate punishment. A revocation hearing was conducted on May 28, 2013. Commonwealth evidence at [the] hearing established the violations referenced above[,] as well as [Byers]'s failure to comply with the requirement of the case review plan that he obtain a mental health evaluation and comply with treatment recommendations. Additionally, revocation testimony established [that Byers] failed to report to the Probation Department[,] as directed on December 19, 2011. … [T]he evidence [also] established a disturbing interaction between [Byers] and Probation staff[,] which occurred on April 5, 2013. On that date, while meeting with his probation officer, [Byers] stood up, reached across the desk, and verbally threatened to stab the probation officer. He held a comb in his hand at the time and made a jabbing motion towards the officer.

Shortly thereafter, [Byers] told the probation officer that he had several firearms at his residence and bragged that [the] Probation [Department] could not search for the firearms[,] as they were stored in the portion of the residence where his mother resided. Finally, in violation of a condition of his sentence, [Byers] refused to provide a urine sample. A subsequent search of [Byers]'s residence yielded a machete-type weapon with a 24-inch blade hidden behind a mirror next to his bed.

Finding [Byers] to have violated the conditions of his sentence of intermediate punishment, the [c]ourt resentenced [Byers] to a sentence of no less than four years nor more than eight years in a [S]tate [C]orrectional [I]nstitution [on May 28, 2013]. The minimum sentence was at the bottom of the standard guideline range for the charge [of] which [Byers] was originally convicted.

Trial Court Opinion, 9/3/13, at 1-3 (footnote omitted).

Byers filed a Post-Sentence Motion, which the trial court denied. Byers subsequently filed a Notice of Appeal. This Court quashed the appeal, concluding that Byers's Notice of Appeal was untimely filed. **See** **Commonwealth v. Byers**, 102 A.3d 538 (Pa. Super. 2014) (unpublished memorandum).[1]

On May 5, 2014, Byers filed a Post Conviction Relief Act ("PCRA")[2] Petition, claiming, *inter alia*, that his counsel was ineffective for failing to file a timely direct appeal. The PCRA court appointed Entwistle as Byers's counsel. Subsequently, the PCRA court granted Byers relief, and ordered

---

[1] We note that in his initial appeal, Byers's counsel also sought to withdraw her representation pursuant to **Anders**. This Court granted counsel's petition to withdraw. **See Byers**, 102 A.3d 538 (unpublished memorandum at 1, 8).

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

that his direct appeal rights be reinstated. Byers then filed a timely Notice of Appeal.

Byers's counsel, Entwistle, has filed a brief pursuant to **Anders** that raises the following question for our review:

> Whether the sentencing court abused its discretion in re-sentencing [Byers] to serve no less than four (4) and no more than eight (8) years in a State Correctional Institution followed by two (2) years of probation on a first revocation, when there were only technical violations, no new criminal charges, and [Byers's] original sentence was thirty-six (36) months [of] intermediate punishment[,] with only thirteen (13) days in restrictive phases?

**Anders** Brief at 6. Entwistle filed a separate Petition to Withdraw as Counsel on September 17, 2014. Byers filed neither a pro se brief, nor retained alternate counsel for this appeal.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must

> (1) petition the [C]ourt for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Entwistle has complied with each of the requirements of *Anders*. Entwistle indicates that he has conscientiously examined the record and determined that an appeal would be frivolous. Further, Entwistle's *Anders* brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record includes a copy of the letter that Entwistle sent to Byers, advising him of his right to

proceed *pro se* or retain alternate counsel and file additional claims, and stating Entwistle's intention to seek permission to withdraw. Accordingly, Entwistle has complied with the procedural requirements for withdrawing from representation and we will review the record to determine whether Byers's claim on appeal is frivolous.

In this appeal, Byers challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted). "A substantial question exi[s]ts only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286-87 (Pa. Super. 2013) (citation omitted).

Here, Byers filed a timely Notice of Appeal. He also filed a timely Post-Sentence Motion. Byers has included a Statement of the reasons relied upon for allowance of appeal in his brief, pursuant to Pa.R.A.P 2119(f). Byers claims that he has raised a substantial question because his sentence is excessive in light of the fact that this was his first violation, there were no new criminal charges filed, and it was contrary to the fundamental norms of fairness to go from a sentence of intermediate punishment to total confinement. *Anders* Brief at 9-10. However, the Rule 2119(f) Statement fails to cite what particular provision of the Sentencing Code, or what specific fundamental norm Byers's sentence allegedly violates. *See Commonwealth v. Twitty*, 876 A.2d 433, 439 (Pa. Super. 2005) (stating that a claim that a sentence within the statutory limits is excessive can raise a substantial question if the appellant sufficiently articulates "the manner in which the sentence violates a specific provision of the Sentencing Code or is contrary to a particular fundamental norm underlying the sentencing process."); *see also Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists."). Thus, the instant appeal does not fall within the standards required for a review by this Court regarding the discretionary aspects of Byers's sentence.

Nevertheless, in light of the fact that Entwistle has filed an **Anders** brief and Petition to Withdraw as Counsel, we will address Byers's sentencing claims. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that while appellant failed to raise a substantial question on his discretionary aspects of sentencing claim, this Court would address the merits of the claim due to appellant's counsel's petition to withdraw as counsel); **Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** requires review of issues otherwise waived on appeal). Byers argues that his sentence was excessive and unreasonable because this was his first violation; at the time of the revocation hearing, he had completed twenty-three of the thirty-six month sentence; no new charges were filed; he cannot read; and he has mental health issues. **Anders** Brief at 13.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." **Commonwealth v. Stokes**, 38 A.3d 846, 858 (Pa. Super. 2011). "An intermediate punishment sentence imposed pursuant to 42 Pa.C.S.[A.] § 9763, **Sentence of Intermediate Punishment**, may be revoked where the specific conditions of the sentence have been violated." **Commonwealth v. Melius**, 100 A.3d 682, 685 (Pa. Super. 2014) (citation omitted). In re-sentencing a defendant, the sentencing court has the authority to consider the same sentencing alternatives that it had at the

time of the original sentencing proceeding. *See* 42 Pa.C.S.A. § 9773(b); *Melius*, 100 A.3d at 685-86. Further, the sentencing guidelines do not apply to sentences imposed following revocation of intermediate punishment. *Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa. Super. 1998); *see also* 204 Pa.Code § 303.1(b) (stating that the sentencing guidelines do not apply to sentences imposed as a result of, *inter alia*, "revocation of probation, intermediate punishment or parole").

The trial court addressed Byers's sentencing claims as follows:

In imposing the current sentence, the [trial c]ourt was armed with a recent pre-sentence investigation. The [trial c]ourt also considered comments of defense counsel. Although permitted the right of allocution, [Byers] chose not to offer comment. In imposing re-sentencing, the [trial c]ourt noted that at the time of original sentence, [Byers] was granted the benefit of the doubt[;] however, his recent actions evidenced the risk he created to public safety. The [trial c]ourt also expressed a need to vindicate the authority of the [trial c]ourt as [Byers's] actions were indicative of disrespect for the authority of the [trial c]ourt by a blantant effort to intimidate court personnel. In essence, although at the time of original sentencing[,] Byers was essentially given the benefit of the doubt, [Byers's] recent actions revealed the benefit was improvidently granted as his conduct proved he has not yet adjusted his behavior in compliance with rules of a civilized society. Even still, the [trial c]ourt showed restraint by re-sentencing [Byers] to a sentence that fell at the lower end of the standard sentencing guidelines for the conduct of which he was originally convicted. Although the sentencing guidelines are clearly inapplicable on re-sentencing, in essence, the [trial c]ourt imposed the sentence [Byers] should have received had the [trial c]ourt initially not shown leniency. As [Byers] clearly did not take advantage of his opportunity at rehabilitation, he cannot now reasonably argue that despite his threatening behavior and complete disregard for the authority of the [trial c]ourt, he is not entitled to a repeat of that same leniency.

- 9 -

\*\*\*

> Prior to imposing the current sentence, the [trial c]ourt properly weighed the factors set forth in the sentencing code and made specific findings that the sentence imposed was necessary to vindicate the authority of the [trial c]ourt and ensure public safety. In doing so, the [trial c]ourt had the benefit of observing [Byers] in the courtroom in the context of the evidence as it was being presented. [Byers] was granted a reasonable opportunity at rehabilitation under the supervision of local authorities by originally being sentenced to an extremely favorable sentence. [Byers] took advantage of that opportunity, not by conforming his behavior, but rather by intentionally and contemptuously defying the [trial c]ourt's authority over him. There is nothing excessive about the subsequent re-sentence under these circumstances.[fn]
>
> ---
>
> [fn] [Byers] also suggest[s that] the failure of [Byers] to be criminally charged for his conduct has some impact on the consideration of excessiveness. Pennsylvania law is clear that a criminal conviction is not necessary to revoke an offender for criminal conduct. *See Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010). …

Trial Court Opinion, 9/3/13, at 5-7 (footnote in original); *see also* N.T., 5/28/13, at 44-46 (wherein the trial court set forth its reasons for the sentence following revocation of Byers's original intermediate punishment sentence).

Based upon the foregoing, we conclude that Byers's sentencing claims are without merit. *See* Trial Court Opinion, 9/3/13, at 5-7; *see also* N.T., 5/28/13, at 44-46. Additionally, with regard to Byers's claim that the trial court did not consider the fact that he could not read and his mental health issues, we deem these claims to be without merit. Indeed, the trial court had the benefit of a pre-sentence investigation report, heard testimony from

Byers regarding his literacy, and considered the fact that Byers failed to access mental health services. ***See*** N.T., 5/28/13, at 3-4, 29, 44; ***see also Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) (stating that "where the sentencing judge had the benefit of a pre-sentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Based on the foregoing, we discern no abuse of the sentencing court's discretion in imposing the challenged sentence.

Additionally, following our independent review of the record, we conclude that Byers's appeal is wholly frivolous. Thus, we grant Entwistle's Petition to Withdraw as Counsel and affirm the judgment of sentence.

Petition to Withdraw as Counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015

- 11 -