J-S32003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID J. HOWARD, | |
| Appellant | No. 2087 EDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002285-2009

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 03, 2016**

David J. Howard appeals from a judgment of sentence that was imposed after Appellant committed a parole violation and was recommitted to serve the balance of a previously-imposed sentence.  Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   We grant counsel's petition to withdraw and affirm.

At 3:00 a.m. on April 25, 2009, Fountain Hill police stopped Appellant for traveling at a high rate of speed.  During the course of the traffic stop, Appellant admitted that he had been drinking and made illogical remarks. After discovering that Appellant had a suspended license—DUI related, police administered field sobriety tests, which Appellant failed. He was arrested for

---

* Retired Senior Judge assigned to the Superior Court.

DUI and submitted to a blood test, which revealed that his blood alcohol content was .19%.

Appellant was charged with driving under the influence of alcohol ("DUI")—incapable of driving safely, 75 Pa.C.S. § 3802(a)(1), and DUI, highest rate of alcohol, 75 Pa.C.S. § 3802(c). The information indicated that the § 3802(a)(1) offense was an ungraded misdemeanor and that the § 3802(c) infraction was a first-degree misdemeanor, as a second DUI offense. Appellant also was charged with driving at an unsafe speed and driving with a suspended license—DUI related.

On February 22, 2010, Appellant pled guilty to the charges, and he was sentenced on February 26, 2010, to ninety days to three years imprisonment to be served in county jail. Appellant absconded from supervision. While still a fugitive, Appellant was arrested on February 1, 2013, and charged with homicide and other crimes. He pled guilty to involuntary manslaughter in that matter and was sentenced to two and one-half to five years.

Due to the conviction, Appellant was charged herein with violating parole. The court found that Appellant violated his parole and sentenced him to serve the remainder of his term. N.T. Gagnon II hearing, 6/3/15, at 11 ("I find the defendant has violated his conditions of parole as alleged. The defendant's parole is revoked. He is remanded to a state correctional institution to serve the balance of the sentence previously imposed.").

Appellant objected to imposition of the term of imprisonment and argued that the maximum sentence that could be imposed herein was six months under *Commonwealth v. Musau*, 69 A.3d 754 (Pa.Super. 2013).[1]

Appellant filed a timely *pro se* notice of appeal,[2] and new counsel was appointed. As noted, counsel has moved to withdraw. Since we do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

Counsel's petition to withdraw states that he thoroughly reviewed the record and applicable law and concluded that this appeal is wholly frivolous.

---

[1] We note that the holding of *Musau* was adopted by the Court *en banc* in *Commonwealth v. Grow*, 122 A.3d 425 (Pa.Super. 2015) (*en banc*).

[2] The appeal was timely under the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Smith v. Pennsylvania Board of Probation and Parole,* 683 A.2d 278 (Pa. 1996).

He furnished a copy of the petition to withdraw and the *Anders* brief to Appellant. Counsel forwarded to this Court a copy of his letter to Appellant. Therein, counsel informed Appellant that he was withdrawing based upon a review establishing that this appeal is frivolous. Further, counsel instructed Appellant that he has the right to obtain private counsel or to pursue the appeal without an attorney and raise any points the he deemed worth of our attention. A copy of the petition to withdraw and *Anders* brief was forwarded to Appellant. Accordingly, counsel has complied with the procedural aspects of *Anders*.

We next examine whether counsel's *Anders* brief meets the substantive elements of *Santiago*. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel's brief is compliant with *Santiago*. It contains a summary of the procedure and facts and delineates the applicable law. Counsel establishes that the proceedings and sentence were proper under that precedent. He analyzes why the sentence imposed herein did not exceed

the statutory maximum and establishes that there are no non-frivolous issues to be raised on appeal. We now examine the propriety of the proceedings.

In the parole revocation setting, "the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa.Super. 2008). The burden of proof is on the Commonwealth to prove a violation of parole by a preponderance of the evidence and, "once it does so, the decision to revoke parole is a matter for the court's discretion." *Id*. "[A] conviction for a new crime is a legally sufficient basis to revoke parole." *Id*.

In contrast to the probation-revocation setting, "a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty." *Id*. at 290 (citation omitted); *accord Commonwealth v. Melius,* 100 A.3d 682 (Pa.Super. 2014). The only sentencing option for a parole-revocation court is to recommit the defendant to serve the balance of the sentence originally imposed, and the defendant is not permitted to challenge the discretionary aspects of his parole sentence wherein he was recommitted to serve the remainder of his previously-imposed term of imprisonment. *Kalichak*, *supra*; *see also Melius*, *supra*.

In this case, the Commonwealth established that Appellant committed a new offense, manslaughter, and, thus, the court did not abuse its discretionary authority when it revoked parole. Appellant then was ordered to serve any remaining balance on his sentence, which was the only sentencing option available at that time.

The remaining issue concerns Appellant's argument, which was raised at sentencing, that the maximum sentence that could be imposed on his conviction herein was six months imprisonment and that the revocation court had no authority to re-sentence in excess of that maximum sentence.[3] Appellant did not appeal his original ninety-day-to-three-year sentence nor did he file a timely PCRA petition regarding that sentence; thus, the parole-revocation sentence did not re-start the time under the PCRA for challenging the sentence imposed following entry of the guilty plea herein. **Commonwealth v. Anderson**, 788 A.2d 1019 (Pa.Super. 2001). However, since the present claim involves both the legality of the original sentence as well as the legality of the revocation sentence, we can review the merits of the allegation that the revocation sentence is illegal as it exceeded the applicable maximum sentence. **Commonwealth v. Infante**, 63 A.3d 358 (Pa.Super. 2013).

---

[3] The record indicates that Appellant had over two years remaining to serve on his three-year term.

Appellant pled guilty to driving while DUI—highest rate of alcohol under 75 Pa.C.S. § 3802(c), and he had a prior DUI conviction.  That was the only crime graded in the information as a first-degree misdemeanor.  As noted, the § 3802(a) violation was listed as an ungraded misdemeanor.  Thus, Appellant's violation of § 3802(c) was properly graded as a first-degree misdemeanor.  75 Pa.C.S. § 3803(b)(4) ("An individual who. . . violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.").  A first-degree misdemeanor is punishable by up to five years imprisonment.  18 Pa.C.S. § 1104(1); 18 Pa.C.S. § 106(b)(6).

Appellant relied upon **Musau**, **supra**, in arguing that the maximum sentence that could be imposed in this matter was six months.  In that decision, Musau was convicted under 75 Pa.C.S. § 3802(a)(1) of DUI, incapable of safely driving.  **Musau** had refused to undergo chemical testing of his blood so that he could not be charged with either high rate or highest rate under § 3802.  Musau also had a prior DUI offense.  The offense in question was defined as a misdemeanor under 75 Pa.C.S. § 3803(b)(4) (emphases added) ("**An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath**, or who violates section 3802(c) or (d) **and who has one or more prior offenses commits a misdemeanor of the first degree**).

Musau was sentenced to ninety days to five years imprisonment, but argued on appeal that his maximum sentence was six months rather than five years. We agreed, based upon language formerly in § 3803, stating:

(a) Basic offenses.—**Notwithstanding the provisions of subsection (b)**:

(1) **An individual who violates section 3802(a)** (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1) (emphases added). We concluded that this specific language, which expressly stated that "notwithstanding" § 3803(b),[4] trumped the five year sentence allowed under § 3803(b) and that Musau, who violated only § 3802(a) could not be sentenced to more than six months in jail.

Herein, Appellant pled guilty under § 3802**(c)**, and that crime was listed as a first-degree misdemeanor based upon the fact it was a second conviction. While Appellant also pled guilty to § 3802(a), it was not designated as a first-degree misdemeanor. The language interpreted by *Musau* and contained in § 3803(a) was explicitly confined to a DUI conviction under § 3802(a). The reasoning of that case is not applicable to

_____

[4] "Notwithstanding" has been replaced by "Except" in the new version of § 3803(a).

Appellant as there is no statutory provision that, notwithstanding § 3803(b), someone who is convicted of § 3802(c) and who has a prior DUI conviction may be sentenced to a term of imprisonment of not more than six months. *See Commonwealth v. Wilson*, 111 A.3d 747 (Pa.Super. 2015).

Our independent review of the certified record confirms that there are no other non-frivolous issues that can be raised in this appeal. In so doing, we observe that Appellant no longer can challenge the validity of his guilty plea. *Anderson*, *supra*.

Petition of Matthew Rapa, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2016