J-S31020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JIMMIE C. WILLIAMS | |
| Appellant | No. 1128 MDA 2015 |

Appeal from the Judgment of Sentence March 20, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001256-2014

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 26, 2016**

Jimmie C. Williams appeals, *nunc pro tunc*, from the judgment of sentence imposed March 20, 2015, in the Dauphin County Court of Common Pleas, following the revocation of his probation and parole.[1]  The trial court imposed a sentence of 18 to 60 months' imprisonment upon the revocation of his probation on one count of unlawful restraint, and directed him to serve

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The notice of appeal indicates the order on appeal was entered by the trial court on June 1, 2015.  However, as we will discuss *infra*, the June 1, 2015, filing was the order which restored his appellate rights *nunc pro tunc*; rather, his revocation sentence was imposed on March 20, 2015.  Therefore, we direct the prothonotary to change the caption to reflect the appeal is from the judgment of sentence imposed on March 20, 2015.

the balance of his time – six months, 10 days' imprisonment – for the revocation of his parole on one count of simple assault.[2]  The same day, Williams was sentenced in an unrelated matter to an aggregate term of 16 to 60 months' imprisonment,[3] which was imposed consecutively to the probation revocation sentence at issue.  On appeal, Williams challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

The facts and procedural history of this appeal are as follows.  On July 8, 2014, Williams entered a negotiated guilty plea to charges of simple assault, unlawful restraint, and defiant trespass for the December 31, 2013, domestic assault of his ex-girlfriend.  The Commonwealth alleged the following facts during the plea colloquy:

> According to [the victim], [Williams] held her down by her wrists to the point where her movement was restrained and asked for sexual intercourse.  After she denied this many times, he then attempted to pull her pants off but stopped after she fought him off, and this put her in fear of serious bodily injury.

N.T., 7/8/2014, at 3-4.[4]  The trial court accepted the plea, and sentenced Williams to the negotiated term of six to 18 months' imprisonment for simple

---

[2] 18 Pa.C.S. §§ 2902(a)(2) and 2701(a)(3), respectively.

[3] **See** Docket No. CP-22-CR-0000183-2015.  Williams' judgment of sentence imposed in that case was affirmed by a panel of this Court on direct appeal. **See Commonwealth v. Williams**, 2016 WL 417378 [900 MDA 2015] (Pa. Super. 2016) (unpublished memorandum).

[4] Williams was also originally charged with attempted rape.  However, during the revocation sentencing hearing, the prosecutor explained that victim, who is the mother of Williams' children "really [did not] want the stigma of sex

*(Footnote Continued Next Page)*

assault, and 18 months' consecutive probation for unlawful restraint. Williams was immediately paroled.

On October 7, 2014, Williams committed additional offenses against the victim, which led to the charges at Docket No. CP-22-CR-0000183-2015. On March 20, 2015, the trial court conducted a guilty plea and revocation hearing. Williams entered a guilty plea to charges of terroristic threats, simple assault and criminal attempt (escape) at Docket No. CP-22-CR-0000183-2015, for which the trial court sentenced him to an aggregate term of 16 to 60 months' imprisonment. In the present case, the court revoked Williams' parole and probation and resentenced him as follows: (1) for the revocation of his parole, the court directed him to serve the balance of his original sentence, that is, 6 months, 10 days' imprisonment; and (2) for the revocation of his probation, the court imposed a term of 18 to 60 months' imprisonment. The trial court also instructed that the balance of his parole revocation sentence be served concurrently to the sentence at Docket No. CP-22-CR-0000183-2015, but that the probation revocation sentence be served consecutively to the new sentence.

On March 30, 2015, Williams filed a timely post-sentence motion requesting modification of both sentences. On April 13, 2015, the trial court entered an order modifying the sentence "to reflect that [Williams'] total

_(Footnote Continued)_ _____

offenders registry so we worked with her and Mr. Williams for the plea agreement in [this] case." N.T., 3/20/2015, at 6.

Aggregated Sentence is 36 months to 120 months."[5]   Order, 4/13/2015.

Thereafter, on May 1, 2015, the court denied Williams' post-sentence

motion.

On May 4, 2015, Williams, through new counsel, filed a petition for

collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),[6]

asserting prior counsel's ineffectiveness for failing to file a timely appeal

from the revocation sentence.   **See** Pa.R.Crim.P. 708(E) (stating that

following the imposition of a probation revocation sentence, "[t]he filing of a

motion to modify sentence will not toll the 30-day appeal period.").   By

order entered June 1, 2015, the trial court granted Williams' requested

relief, explaining:

> [Williams'] appellate rights are reinstated and he shall have
> thirty days (30) from the date of this Order in which to file a
> Notice of Appeal, if he so chooses.

Order, 6/1/2015.

Thereafter, on June 11, 2015, Williams filed another post-sentence

motion seeking modification of his revocation sentence.   However, before

the trial court ruled on the motion, Williams filed a timely notice of appeal on

---

[5] The court did not specify which individual sentence it modified to achieve
the greater minimum term.   However, Williams has never challenged the
modification order.

[6] **See** 42 Pa.C.S. §§ 9541-9546.

June 30, 2015.[7] The trial court subsequently denied the post-sentence motion on July 15, 2015.

Preliminarily, we must address the trial court's assertion that this Court has no jurisdiction to consider Williams' appeal. **See** Trial Court Opinion, 10/7/2015, at 5. The court first states the appeal is premature because Williams filed the notice of appeal before it had ruled on his post-sentence motion. **Id.** at 4, *citing* Pa.R.Crim.P. 720. However, a petitioner who is granted permission to file a direct appeal *nunc pro tunc* from a PCRA court is not entitled to file a post-sentence motion *nunc pro tunc*, unless he requested such relief in his PCRA petition, and was granted permission to do so by the PCRA court. **Commonwealth v. Fransen**, 986 A.2d 154, 158 (Pa. Super. 2009). Because Williams neither requested nor was granted permission to file a supplemental post-sentence motion, his filing was a nullity. Nonetheless, in any event, a post-sentence motion does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) (stating Pa.R.Crim.P. 708, rather than Rule 720, governs a defendant's direct appeal rights from the judgment of sentence following probation revocation). Therefore, Williams

---

[7] The trial court did not direct Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

properly filed a notice of appeal on June 30, 2015, prior to the expiration of the 30-day period provided for in the PCRA court's June 1, 2015, order.

Second, the trial court stated it was "confused" and "confounded" as to how to address the appeal because the notice of appeal indicated Williams was appealing the June 1, 2015, order, which actually granted him the relief he requested, that is, a *nunc pro tunc* appeal. Trial Court Opinion, 10/7/2015, at 5. **See** Notice of Appeal, 6/30/2015. However, it is evident from our review that Williams simply listed the wrong date on the notice of appeal, as the proper order under appeal was the March 20, 2015, revocation sentence. Accordingly, "[b]ecause the appeal is otherwise proper, we will treat this defect as harmless and proceed to consider the merits as if the notice of appeal had correctly referred to the judgment of sentence." **Commonwealth v. Lahoud**, 488 A.2d 307, 309 (Pa. Super. 1985), *citing* Pa.R.A.P. 105(a). Therefore, we proceed to an examination of Williams' challenge to the discretionary aspects of his probation revocation sentence.[8]

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation

---

[8] "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Williams complied with the procedural requirements for this appeal by filing both a post-sentence motion for reconsideration of sentence, and a timely *nunc pro tunc* appeal. Williams also included in his brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether he has raised a substantial question justifying our review.

Williams argues his sentence is "excessive and unreasonable in light of [his] rehabilitative needs." Williams' Brief at 9. He claims that prior to the most recent sentence, for which the court ordered him to attend batterer's counseling, he had "never received any treatment, counseling, or therapy to treat the underlying causes of his offenses." *Id.* Moreover, Williams notes the victim "bears no fear toward" him and "has in fact advocated for a reduced sentence so as to allow [him] to receive the treatment she believes

is needed for him to get back to his family and back on his prior career path." *Id.* at 12-13 (citation omitted).[9]

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). The Sentencing Code specifically mandates that, in sentencing a defendant,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to **the impact on the life of the victim** and on the community, and **the rehabilitative needs of the defendant**.

42 Pa.C.S. § 9721(b) (emphasis supplied). Therefore, a claim that the trial court failed to consider either the victim's wishes or the defendant's rehabilitative needs raises a substantial question for our review. ***See Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010).

---

[9] We note Williams attached to his March 30, 2015, post-sentence motion an undated letter, purportedly signed by the victim, in which she states she did not want him to "serve years in prison" and asked the court to reduce his sentence so he could "come home sooner." Post-Sentence Motion, 3/20/2015, Exhibit A. Further, she indicates she "really need[s] him here for [her] kids," and that she is "not fearful" of him and knows that "he would never hurt [their] children." *Id.*

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006) (citation omitted). Upon the revocation of a defendant's probationary sentence, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement.[10] *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa. 2005). The only limitation on a court's authority in imposing a probation revocation sentence, is found at Section 9771(c) of the Sentencing Code:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

---

[10] We will limit our discussion to Williams' probation revocation sentence. Indeed, the trial court had no discretion in the sentence it imposed upon revocation of his parole on the charge of simple assault. "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." *Commonwealth v. Melius*, 100 A.3d 682, 686 (Pa. Super. 2014) (quotation omitted).

42 Pa.C.S. § 9771(c).

Here, Williams' probationary sentence was revoked after he committed another crime against the same victim. Moreover, our review of the sentencing transcript reveals the trial court fully considered both the victim's wishes and Williams' rehabilitative needs when it imposed the sentence herein.

Although Williams attached to his post-sentence motion an undated letter of support signed by the victim, the Commonwealth painted a much different picture at the revocation sentencing hearing. First, the prosecutor explained the original plea agreement, which included the reduction of a charge of attempted rape to simple assault, was based upon the victim's desire that Williams not have to register as a sex offender because they have children together. *See* N.T., 3/20/2015, at 6. However, the prosecutor stated:

> [The victim] is torn. She doesn't want to see [] Williams go away forever, but she has indicated that he needs help. She is very afraid of him.
>
> She told police just before he was arrested on this current charge that there was an incident between the two of them where he choked her in July of 2014 and he was charged with that. … But she was pressured by Mr. Williams' mother to drop the charges. And she did not show up and those charges were dropped.
>
> So she is very scared of him and she wanted me to relay that he does need help.

N.T., 3/20/2015, at 7.[11]  Before imposing the revocation sentence, the trial court commented:  "This is scary stuff, … and I'm concerned for [the victim]. Something is amiss here."  **Id.** at 13.  Therefore, the trial court was aware of the victim's relationship with Williams, including her concern regarding how a long prison term might affect his relationship with his children, and determined a state prison term was necessary to protect her.

Furthermore, although Williams asserts the court failed to consider his rehabilitative needs – and emphasizes he had never before received any treatment – we find his claims specious.  Both the Commonwealth and the trial court gave Williams the opportunity to correct his behavior when he was originally sentenced to a term of probation.  Indeed, that sentence included the condition he "successfully complete Phase I" of batterer's counseling. N.T. 7/8/2014, at 5.  Nevertheless, only three months later, he assaulted the same victim again.  Therefore, the court was well within its discretion when it declined to give Williams a second chance.

Judgment of sentence affirmed.

---

[11] The prosecutor explained the victim was unable to attend the hearing because she had to work.  **Id.** at 6.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2016