J-S43010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON HICKS | |
| Appellant | No. 1409 WDA 2016 |

Appeal from the Judgment of Sentence Entered August 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0006820-2015

BEFORE:  STABILE, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:              **FILED SEPTEMBER 18, 2017**

Appellant Aaron Hicks appeals from the August 22, 2016, judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court"), following the revocation of his county intermediate punishment ("CIP") sentence.  Upon review, we affirm.

On May 14, 2015, following an undercover narcotics operation, the Commonwealth filed a criminal complaint against Appellant at docket number 6820-2015 ("First Case"), accusing him of conspiracy to deliver a controlled substance, delivery of a controlled substance, possession with intent to deliver a controlled substance, possession of a controlled

_____

[*] Former Justice specially assigned to the Superior Court.

substance, and possession of drug paraphernalia.[1]   Subsequently, the Allegheny County Crime Lab determined the drugs to be a non-controlled substance (peppermint).  *See* N.T. Guilty Plea, 2/24/16, at 10.

While the First Case was pending, Appellant was charged at docket number 9112-2015 ("Second Case") with, *inter alia*, possessing instruments of crime ("PIC"), retail theft, and simple assault.[2]

On July 14, 2015, the Commonwealth charged Appellant in the First Case with sale of a non-controlled substance (35 P.S. § 780-113(a)(35)(ii)) (peppermint), conspiracy to sell a non-controlled substance (18 Pa.C.S.A. § 903(a)(1)) (peppermint), and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)).  The Commonwealth consolidated the cases.

On February 24, 2016, in the First Case, Appellant pled guilty to sale of a non-controlled substance, an ungraded felony carrying a maximum term of five years' imprisonment.  *See* 35 P.S. § 780-113(j).  In exchange, the Commonwealth withdrew the charges of conspiracy and possession of paraphernalia.  The trial court sentenced Appellant to 36 months of CIP under the terms of the drug court program, in part, so that he could receive residential treatment for his heroin addiction.  In the Second Case, Appellant

---

[1] 18 Pa.C.S.A. § 903(a)(1), and 35 P.S. § 780-113(a)(30), (16) and (32), respectively.

[2] 18 Pa.C.S.A. §§ 907, 3929 and 2701, respectively.

pled guilty to PIC, retail theft and simple assault, and received a concurrent sentence of CIP.

On March 3, 2016, consistent with the terms of his CIP sentence, Appellant was admitted to an inpatient treatment program at Renewal. On March 31, 2016, Allegheny County Adult Probation ("Adult Probation") terminated Appellant's treatment at Renewal based on his various rule violations at the facility, and returned him to Allegheny County jail. A *Gagnon I*[3] hearing was held on April 18, 2016, at which Adult Probation offered the following explanation for the revocation of Appellant's CIP sentence:

> [Appellant] had been in the restroom where smoking was occurring. He was tardy to his group sessions on a daily basis, sleeping in. They told him to cease his negative behaviors, come into compliance. He continued to sleep at unauthorized times, was consistently late for his group sessions, learned he had sabotaged an interview for a halfway house.
>
> He was caught with contraband, medication, razors, [and] food in his locker.

---

[3] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-82.

N.T. *Gagnon I* Hearing, 4/18/16, at 2-3 (sic). Following the hearing, Appellant was returned to the Allegheny County Jail, where he remained until June 29, 2016, when his detainer was lifted. Thereafter, Appellant was sent to Gaiser for treatment. On July 25, 2016, he was discharged unsuccessfully from Gaiser and sent to jail because of various technical violations of the house rules, specifically his refusal to cease his pursuit of inappropriate relations with female residents. On August 3, 2016, another *Gagnon I* hearing was held on his dismissal from treatment at Gaiser. At the hearing, Adult Probation established Appellant's technical violations at Gaiser.

On August 22, 2016, the trial court held a *Gagnon II* revocation hearing, at which it remarked:

> [Appellant] wasted my time. He wasted everybody's time. He really did. I mean, that's what he did. He spent a year wasting everybody's time. My time is valuable. And when I waste my time with him, it takes away from the time that I have to spend with people that are serious about this. [Appellant] is not serious.
>
> . . . .
>
> He's 22. He's immature. And he's not ready for this.
>
> . . . .
>
> [The trial court has] tried everything with him. [It] really [has]. I mean, I can't believe that he is still in the program after his behavior the last time he was here. I mean, I cut him a million breaks, and all he did was spit in my face.

N.T. *Gagnon II* Hearing, 8/22/16, at 6-7. Following the hearing, the trial court sentenced Appellant to 11½ to 23 months' imprisonment in the First

- 4 -

Case, followed by 2 years of probation. In the Second Case, the trial court sentenced Appellant to time served (360 days).

On September 21, 2016, Appellant petitioned the trial court to consider his post-sentence motions *nunc pro tunc*. On the same day, the trial court granted Appellant's petition. In his post-sentence motions, Appellant challenged the discretionary aspects of his sentence imposed in the First Case. The trial court denied his post-sentence motions. Appellant timely appealed. Following his filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[4] Appellant raises a single issue for our review:

> I. In re-sentencing [Appellant] to 11½ to 23 months' incarceration, to be followed by a consecutive period of probation of two years, and specifically deeming him ineligible for alternative housing, whether the trial court

---

[4] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013); *see Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (noting that the imposition of sentence following a revocation is vested within the sound discretion of the trial court), *aff'd*, 91 A.3d 102 (Pa. 2014).

abused its sentencing discretion when [Appellant] committed only technical violations of probation,[5] and the requirements of 42 Pa.C.S.A. § 9721(b) were not met?

Appellant's Brief at 5.

Essentially, Appellant argues that the trial court, in fashioning the new sentence following the *Gagnon II* revocation hearing, did not consider the requirements of Section 9721(b) that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."[6] Appellant's Brief at 21 (citing 42 Pa.C.S.A. § 9721(b)).

_____

[5] As discussed *infra*, although violations of probation and CIP generally are treated similarly, Appellant fails to acknowledge that in this case he was sentenced to CIP—not probation—and that it was his CIP sentence that was revoked for technical violations.

[6] To the extent Appellant claims that, at the revocation hearing, the trial court did not consider mitigating factors evidencing (1) his acceptance of responsibility for his technical violations of his CIP sentence, (2) his age, and (3) his father's medical condition, we reject this claim. Appellant's Brief at 27-28. "[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). We also have held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super.
*(Footnote Continued Next Page)*

Appellant here does not challenge the revocation of his CIP sentence, because he admits that he committed technical violations at the treatment facilities. *Id.* at 22. As a result, his issue implicates only the discretionary aspects of his sentence. In this regard, we note that it is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007).

*(Footnote Continued)* ———————————

1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).

Moreover, insofar as Appellant argues that his sentence is excessive, we reject his argument as waived. Appellant fails to develop, much less mention, his excessiveness claim in the argument section of his brief. It is settled that "[w]e shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived." **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007), **appeal denied sub nom. Commonwealth v. Imes**, 982 A.2d 509 (Pa. 2009); **see** Pa.R.A.P. 2119(a), (b). "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Beshore**, 916 A.2d at 1140 (Pa. Super. 2007) (internal citation and quotation marks omitted); **see also Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa. Super. 2015) (explaining that the appellant "ha[d] made no effort whatsoever to discuss the applicable law or link the facts of his case to that law" and concluding that "[h]is failure to develop a coherent legal argument in support of his claim results in waiver of [the] issue"); **Commonwealth v. Hakala**, 900 A.2d 404, 407 (Pa. Super. 2006) (finding waiver where the appellant "fail[ed] to offer either analysis or case citation in support of the relief he seeks" and admonishing that "it is not this Court's function or duty to become an advocate for the [appellant]").

- 7 -

As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [708];[7] (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and

---

[7] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

included a Pa.R.A.P. 2119(f) statement in his brief.[8] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015).

This Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying

_____

[8] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

the appeal, which are necessary only to decide the appeal on the merits."

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008)

(quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)).

A Rule 2119(f) statement is inadequate when it "contains incantations of

statutory provisions and pronouncements of conclusions of law[.]"

***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation

omitted).

Here, Appellant asserts in his Rule 2119(f) statement that the trial

court did not consider Appellant's rehabilitative needs in fashioning his

sentence. Appellant states:

> [T]he trial court noted that a number of technical violations of [CIP] had been established at [Appellant's] ***Gagnon I*** hearing. Specifically, [Appellant] had been removed from the Renewal Center for being in a restroom where smoking was occurring, for being late to multiple group sessions, for sleeping at unauthorized times, and for having food, medication, and razors in his locker. The trial court further observed that [Appellant] had been discharged from another treatment facility for pursuing inappropriate relationships with female residents. On behalf of [Appellant], [the Assistant Public Defender (the "ADP")] did not dispute the allegations. However, in light of the fact that [Appellant's] violations were all technical in nature, he was only 22 years old, and his father was currently undergoing dialysis treatment, [the APD] asked the trial court to re-sentence [Appellant] to an appropriate period of probation. Alternatively, [the APD] asked the trial court to impose a new sentence of house arrest.
>
>   . . . .
> [T]he requirements of [Section 9721(b)] had not been met.

Appellant's Brief at 17-19 (record citation omitted). Based on his Rule

2119(f) statement, we conclude that Appellant has raised a substantial

question with respect to his sentencing claim. It is settled that a claim that

the trial court failed to consider the requirements of Section 9721(b) raises a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (noting that "arguments that the sentencing court failed to consider factors proffered in [Section 9721] does present a substantial question."). Accordingly, we grant Appellant's petition for allowance of appeal.

As a prefatory matter, we observe that the revocation of a CIP sentence is equivalent to the revocation of probation.[9] *See Commonwealth v. Melius*, 100 A.3d 682, 685 (Pa. Super. 2014) ("[T]he revocation of a county intermediate punishment sentence is equivalent to the revocation of probation."). Section 9773 of the Judicial Code provides that "[u]pon revocation and subject to section 9763(d),[10] the sentencing alternatives available to the court shall be the *same as the alternatives available at the time of initial sentencing*." 42 Pa.C.S.A. § 9773(b)

_____

[9] Accordingly, we may borrow from case law pertaining to discretionary aspects of sentencing claims arising in the context of probation violations.

[10] Section 9763(d) of the Judicial Code provides:

> The sentence to be imposed in the event of the violation of a condition under subsection (b) shall not be imposed prior to a finding on the record that a violation has occurred. Notwithstanding any other provision of law requiring notice prior to sentencing, in the event of a violation of a condition under subsection (b), the attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S.A. § 9763(d).

(emphasis added). Upon revocation of a CIP sentence, therefore, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the CIP sentence. The trial court, however, shall not impose a sentence of total confinement unless it considers the Section 9721(b) requirements and finds that:

> (1)    the defendant has been convicted of another crime; or
>
> (2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[11] It is settled that the trial court "is not required to parrot the words of the sentencing code, stating every factor that must be considered under Section 9721(b), [however,] the record as a whole must reflect due consideration by the court of the statutory considerations" at the time of sentencing. *Commonwealth v. Coulverson*, 34 A.3d 135, 145 (Pa. Super. 2011) (citations omitted); *see Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) (noting that a trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as whole must reflect the trial court's consideration of the facts of the crime and character of the offender).

---

[11] Appellant does not argue that the trial court failed to consider the requirements of Section 9771(c) in imposing his new sentence.

With the foregoing in mind, we now address Appellant's claim that the trial court did not consider the requirements of Section 9721(b). Based upon our review of the *Gagnon II* hearing transcript, as recited earlier, and the trial court's Rule 1925(a) opinion, we conclude that the trial court adequately considered the statutory requirements of Section 9721(b) in sentencing Appellant to 11½ to 23 months' imprisonment. As the trial court stated in its Rule 1925(a) opinion:

> During the violation hearing of April 18, 2016, Joe Rose, the Drug Court Coordinator, testified that when he went to Renewal, on March 22, 2016, he was informed that [Appellant] had been at Renewal for less than one month and had already incurred multiple program violations. [Appellant] was returned to the Allegheny County Jail on March 31, 2016.
>
> On June 29, 2016, [Appellant] was released from Allegheny County Jail and placed at Gaiser treatment center. When the Drug Court team spoke with the staff at Gaiser, on July 19, 2016, [Appellant] was already on a last chance contract due to repeated violations of house rules. [Appellant's] primary violation was his failure to stop pursuing inappropriate relations with female residents. [Appellant] continued this behavior and was unsuccessfully discharged from Gaiser and incarcerated on July 25, 2016.
>
> This [c]ourt revoked Drug Court at a violation hearing on August 22, 2016. Defense counsel requested probation but this [c]ourt sentenced [Appellant] to incarceration. [Appellant] was provided numerous opportunities to comply with the Drug Court program but he failed to conform to the rules of the program. He wasted the [c]ourt[']s time. This [c]ourt had informed [Appellant] that he needed to follow the rules of the Drug Court program, but [Appellant] failed to comply. This [c]ourt's sentence of 11½ months to 23 months, plus 2 years of probation was significantly below the maximum sentence that could have been imposed.
>
> Here [Appellant] had been provided an opportunity to participate in the Drug Court program. [Appellant] was provided many chances to remain in the Drug Court program, but he failed to take advantage of them. The record indicates that this [c]ourt properly considered the facts of the crime and the character of the offender before imposing a new sentence. [Appellant's] behavior indicated that it is likely that he would

- 13 -

commit another offense if he was not imprisoned, since he was addicted to heroin and failed to successfully complete a drug treatment program.

Furthermore, a sentence of confinement was necessary to vindicate the authority of the [c]ourt. [Appellant] repeatedly failed to follow the rules of the two treatment programs and was unsuccessfully discharged, and he failed to comply with the terms of Drug Court program. Incarceration is proper where technical violations are flagrant and indicative of an inability to reform. It was proper for the trial court to impose a sentence of total incarceration where Drug Court was revoked due to [Appellant's] misconduct in Drug Court, such as where a defendant displays an attitude problem and an unwillingness to change.

Trial Court Rule 1925(a) Opinion, 3/6/17, 3-5 (internal citations omitted).

As the trial court noted, Appellant, who is addicted to heroin, committed various drug crimes, retail theft, PIC and assault. The trial court sentenced him to CIP so that he could turn his life around. Specifically, Appellant was provided opportunities at Renewal and Gaiser—two treatment facilities—to combat his heroin addiction. As Appellant himself admits, he committed technical violations of his CIP sentence by failing to follow the rules at the treatment facilities. Additionally, it is worth noting that the record *sub judice* indicates that, while Appellant's First Case was pending, he was charged with, among other things, PIC, retail theft, and simple assault in the Second Case. Given Appellant's criminal history, and his rejection of treatment services provided at Renewal and Gaiser, we conclude that the trial court did not abuse its discretion in sentencing him to 11½ to 23 months in prison followed by 2 years of probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017