J-S53008-14

2014 PA Super 206

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRIN JAMES MELIUS, | : | |
| | : | |
| Appellant | : | No. 1624 WDA 2013 |

Appeal from the Judgment of Sentence August 19, 2013,
Court of Common Pleas, Cambria County,
Criminal Division at No. CP-11-CR-0000321-2011

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

OPINION BY DONOHUE, J.:                     **FILED SEPTEMBER 19, 2014**

Appellant, Darrin James Melius ("Melius"), appeals from the August 19, 2013 judgment of sentence entered by the Court of Common Pleas of Cambria County following the revocation of his furlough for drug treatment. For the reasons that follow, we vacate Melius' judgment of sentence.

Because Melius raises a challenge to his sentence on procedural grounds, a recitation of the facts underlying his criminal convictions is unnecessary.  The relevant procedural history of this case is as follows.  On April 26, 2011, Melius pled guilty to one count of conspiracy to commit retail theft.[1]  The trial court sentenced Melius to 12 months of probation.  On March 6, 2012, the trial court revoked Melius' probation for drug use and

---

[1]  18 Pa.C.S.A. §§ 3929(a)(1), 903(a)(1).

*Retired Senior Judge assigned to the Superior Court.

sentenced him to three to 23 months of incarceration. Melius served three months of his sentence before his release.

In June 2012, while on parole for his three to 23 month sentence, Melius was charged in Indiana County with retail theft. As a result, on July 24, 2012, the trial court found Melius to be in violation of his parole, but stayed the matter pending the outcome of the charges in Indiana County. On September 7 2012, Melius pled guilty to retail theft in Indiana County. On November 21, 2012, the Court of Common Pleas of Indiana County sentenced Melius to six months to two years less a day of imprisonment. On January 3, 2013, after receiving his release from prison in Indiana County, the trial court sentenced Melius to six months of incarceration at the Cambria County Prison for violating his parole with no credit for time served.

While incarcerated at the Cambria County Prison, the Madison House West in York, Pennsylvania ("the Madison House") accepted Melius' application for inpatient drug treatment. Melius requested permission from the trial court to attend the drug rehabilitation program at the Madison House. On April 17, 2013, the trial court granted Melius' request for a furlough from the Cambria County Prison to attend the drug rehabilitation program – with the condition that if Melius failed to complete the program, he was to return to the Cambria County Prison. On April 26, 2013, Melius received transportation from his sister to the Madison House. On June 19, 2013, Melius failed a drug screen for marijuana and the Madison House

expelled him from its drug rehabilitation program. Melius did not return to the Cambria County Prison and as a result, the trial court issued a bench warrant for his arrest. On August 3, 2013, police apprehended Melius. On August 19, 2013, the trial court resentenced Melius to 12 months of incarceration on the basis that his furlough was a county intermediate punishment sentence and that by violating the terms of his furlough, the trial court was entitled to revoke his county intermediate punishment sentence and resentence him.

On August 30, 2013, Melius filed a motion for post-sentence relief *nunc pro tunc* arguing that his furlough was not a county intermediate punishment sentence and that the trial court should have recommitted him to serve the remaining balance of his six-month sentence. On September 12, 2013, the trial court held a hearing on the motion and following that hearing, denied the motion. On September 27, 2013, Melius filed a notice of appeal. On October 1, 2013, the trial court ordered Melius to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On October 3, 2013, Melius filed a timely Rule 1925(b) statement. On December 18, 2013, Melius filed with this Court an application for leave to appeal *nunc pro tunc* because his post-sentence motion to modify sentence did not toll the 30-day appeal period pursuant to Rule 708(E) of the Pennsylvania Rules of Criminal

Procedure, rendering his notice of appeal untimely. On March 20, 2014, this Court granted Melius application for leave to appeal *nunc pro tunc*.

On appeal, Melius raises the following issues for our review:

I. The lower court erred in resentencing a parolee who was furloughed and failed to successfully complete inpatient drug treatment.

II. A parolee cannot be denied credit for periods of incarceration previously served simply because the parolee absconds from a furlough.

Melius' Brief at 4.

Both Melius and the Commonwealth agree that the first issue that he raises on appeal concerns the legality of his sentence. ***See id.*** at 3; Commonwealth's Brief at 3 n.1. This is a question of law, for which "[o]ur standard of review … is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super. 2008) (citation omitted). This issue also raises a question of statutory interpretation, which is likewise a question of law, triggering the same scope and standard of review. ***Commonwealth v. Van Aulen***, 952 A.2d 1183, 1184 (Pa. Super. 2008).

The trial court identified section 9813 of the County Intermediate Punishment Act as the statutory provision authorizing furloughs for drug rehabilitation. Trial Court Opinion, 11/21/13, at 4. In its 1925(a) opinion, the trial court held that where a defendant receives a furlough to attend drug rehabilitation, "he has effectively been given a sentence of intermediate

punishment requiring a defendant to reside in a rehabilitation facility[.]" ***Id.*** at 4-5 (citation omitted). As a result, the trial court found that it would be appropriate to treat Melius' furlough violation as the revocation of a county intermediate punishment sentence. ***Id.*** at 5-10. Finding the statutory language addressing the revocation of a county intermediate punishment sentence to be similar to the statutory language addressing the revocation of probation, the trial court resentenced Melius as if it were revoking his probation. ***Id.***

Conversely, Melius argues that the trial court erred in treating his furlough as a county intermediate punishment and the violation of his furlough as the revocation of a county intermediate punishment sentence. Melius' Brief at 10-14. Melius claims that prior to his furlough, the trial court sentenced him as a parole violator and then granted his request for a furlough to attend drug rehabilitation. ***Id.*** Melius asserts that the furlough was not a new sentence of county intermediate punishment and as a result, the trial court should not have treated his violation of furlough as the revocation of a county intermediate punishment sentence, and thus the revocation of probation. ***Id.***

In regards to the legality of a sentence, our Court has held:

> [A] challenge to the legality of a sentence 'is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down. ... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of

- 5 -

> punishments which the legislature has authorized for the defendant's crimes.'

***Commonwealth v. Cappellini***, 690 A.2d 1220, 1226 (Pa. Super. 1997) (quoting ***Commonwealth v. Catanch***, 581 A.2d 226, 228 (Pa. Super. 1990)).  Section 9721(a) of the Sentencing Code provides trial courts with seven alternative forms of criminal sentences:

> **(a) General rule.**--In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1) An order of probation.
>
> (2) A determination of guilt without further penalty.
>
> (3) Partial confinement.
>
> (4) Total confinement.
>
> (5) A fine.
>
> (6) County intermediate punishment.
>
> (7) State intermediate punishment.

42 Pa.C.S.A. § 9721(a).

This Court has stated that the intent of the legislature in adopting county intermediate punishment programs was to give trial courts another sentencing option that "would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of nonviolent offenders; to make the

offender more accountable to the community; and to help reduce the county jail overcrowding problem." ***Commonwealth v. Poncala***, 915 A.2d 97, 101 (Pa. Super. 2006) (citation omitted).  Our Court has held that the revocation of a county intermediate punishment sentence is equivalent to the revocation of probation:

> An intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9763, **Sentence of Intermediate Punishment**, may be revoked where the specific conditions of the sentence have been violated. 'Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing.' 42 Pa.C.S. § 9773, **Modification or revocation of intermediate punishment sentence**, (b) **Revocation**. This rule of re-sentencing is analogous to that set forth for re-sentencing following revocation of probation. 'Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing.' ***Commonwealth v. Byrd***, 663 A.2d 229, 231 (Pa. Super. 1995), *citing* 42 Pa.C.S. § 9771, **Modification or revocation of order of probation**, (b) **Revocation**. Moreover, revocation of probation occurs, as does revocation of an intermediate punishment sentence, where it has been found the defendant has violated the terms of his sentence.

***Commonwealth v. Philipp***, 709 A.2d 920, 921 (Pa. Super. 1998) (footnote omitted; emphasis supplied).

On the other hand, "a parole revocation does not involve the imposition of a new sentence." ***Commonwealth v. Kalichak***, 943 A.2d 285, 290 (Pa. Super. 2008) (citing ***Commonwealth v. Mitchell***, 632 A.2d

934, 936 (Pa. Super. 1993)). "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled." ***Id.*** (internal citations and footnote omitted); ***see also Commonwealth v. Galletta***, 864 A.2d 532, 538 (Pa. Super. 2004) (finding that in a violation of parole, the court is not free to impose a new sentence); ***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999) (holding that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

Furthermore, section 9813(a) of the County Intermediate Punishment Act, the statutory provision under which the trial court authorized Melius' furlough, states in pertinent part as follows:

> **(a) Generally.--**Notwithstanding any provision of law, if any offender has been sentenced to undergo imprisonment in a county jail for a term of less than five years, the court, at the time of sentence or at any time thereafter upon application made in accordance with this section, may enter an order making the offender eligible to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attending an educational institution, securing medical treatment or for other lawful purposes as the court shall consider necessary and appropriate.
>
> \*   \*   \*

**(c) Revocation or modification of previously entered order.--**The county jail officials may detain and recommit the offender or preclude the offender from leaving the county jail if the offender violates the conditions set by the jail officials or the court, or if allowing the offender to leave the county jail poses a risk to community safety or the orderly and safe management of the jail. The jail officials shall notify the court of such action. In addition, the order of court may be revoked or modified at any time with notice to the prisoner.

42 Pa.C.S.A. § 9813(a), (c).  Our Court has recognized that the legislative intent of the predecessor statute[2] to section 9813 was to "give[] courts categorical authority to order the temporary furlough of county prisoners serving less than five year maximum sentences."  *See Commonwealth v. Kehoe*, 863 A.2d 1202, 1203, 1205 (Pa. Super. 2004) (*en banc*).

_____

[2]  The predecessor statute to section 9813 states:

Whenever any person has been sentenced to undergo imprisonment in a county jail or workhouse, hereafter referred to as a jail, for a term of less than five years the court, at the time of sentence or at any time thereafter upon application made therefore, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes as the court shall consider necessary and appropriate. The order of the court may be rescinded or modified at any time with or without notice to the prisoner.

61 P.S. § 2141 (repealed Nov. 24, 2008).

Based on the foregoing statutory authority and case law, we conclude that the trial court erred in determining that when it granted Melius' furlough for drug rehabilitation, it imposed a sentence of county intermediate punishment. As a result, we also conclude that the trial court erred by treating Melius' furlough violation as the revocation of a county intermediate punishment sentence, and consequently, the revocation of probation.

We first note that the six-month sentence imposed by the trial court on January 3, 2013 was not a county intermediate punishment sentence. This sentence was not a new sentence because it stemmed from Melius' conviction for committing retail theft in Indiana County shortly following his parole after serving three months of his three- to 23-month probation violation sentence in Cambria County. Because this six-month sentence was the result of the revocation of Melius' parole, the trial court could not resentence him. **See Kalichak**, 943 A.2d at 290. The only option available to the trial court was to recommit him to serve the already-imposed original sentence. **See id.** Thus, by sentencing Melius to six months of incarceration for violating his parole, the trial court was recommitting him to serve six months of the 20 months remaining from his original three- to 23-month sentence.

The trial court's subsequent grant of a furlough from a portion of that six-month period was also not a county intermediate punishment. The trial court's statement that "where a defendant is furloughed to inpatient drug

treatment[,] he has effectively been given a sentence of intermediate punishment requiring a defendant to reside in a rehabilitation facility[,]" is an incorrect interpretation of section 9813(a). **See** Trial Court Opinion, 11/21/13, at 4. In regards to statutory interpretation, our Court has long recognized the following:

> Our interpretation is guided by the polestar principles set forth in the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.*[,] which has as its paramount tenet that '[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.'
>
> […] [W]hen the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning. […] It is only in instances where the words of a statute are not explicit, or they are ambiguous, is there need to resort to consideration of the factors in aid of construction enumerated in 1 Pa.C.S.A. § 1921(c).

**Commonwealth v. Hart**, 28 A.3d 898, 908 (Pa. 2011) (internal citations omitted). The title of a statute "may be considered in construing the enactment, but it is in no sense conclusive, particularly when there is no ambiguity in the body of the statute or ordinance itself." **Commonwealth v. Reefer**, 816 A.2d 1136, 1143 n.10 (Pa. Super. 2003) (citation omitted).

The fact that section 9813 appears in the chapter addressing County Intermediate Punishment is immaterial. No language in section 9813 suggests that the grant of a furlough from time currently being served by a defendant after a trial court has recommitted that defendant for violating his

or her parole constitutes a county intermediate punishment sentence. ***See generally*** 42 Pa.C.S.A. § 9813. Likewise, no language in section 9813 suggests that a trial court may treat the violation of a condition of that furlough as a violation of probation permitting the imposition of a new sentence. ***See id.*** To the contrary, section 9813(a) provides that upon proper application, a trial court may permit a prisoner serving a sentence in a county jail a release from jail for any purposes the trial court considers necessary and appropriate. 42 Pa.C.S.A. § 9813(a). Additionally, section 9813(c) states that if a prisoner violates a condition of the furlough, the trial court may recommit the prisoner to the county jail and revoke or modify the furlough order. 42 Pa.C.S.A. § 9813(c).

Accordingly, here, the trial court erred by treating Melius' furlough violation as the revocation of a county intermediate punishment sentence, and thus the revocation of probation. Melius was serving a six-month sentence for violating his parole when the trial court granted Melius a furlough to attend drug rehabilitation. Melius violated the terms of his furlough by not returning to the Cambria County Prison upon his expulsion from the Madison House. Per section 9813(c), the appropriate remedy for violating a condition of a furlough is to recommit the offender to the county jail. ***See*** 42 Pa.C.S.A. § 9813(c). Therefore, the trial court should have recommitted Melius to serve the remaining portion of his six-month parole violation sentence. ***See id.***

Based on the foregoing, we conclude that the 12-month sentence that the trial court imposed on Melius on August 19, 2013 for violating his furlough was an illegal sentence. The six-month sentence that the trial court imposed on January 3, 2013 was not a new sentence; rather, it was the result of the trial court recommitting Melius to serve a portion of his original three- to 23-month sentence. Because Melius was serving a county jail sentence, the trial court was permitted to grant him a furlough to attend drug rehabilitation under section 9813(a). By granting Melius' furlough, however, the trial court did not impose a county intermediate punishment sentence. Therefore, the trial court erred in treating Melius' furlough violation as the revocation of a county intermediate punishment sentence, and consequently, the revocation of probation. The appropriate recourse under these circumstances was for the trial court to revoke the furlough and to recommit Melius to serve the remaining time on his sentence.

Because we find that the trial court imposed an illegal sentence, Melius' first issue is dispositive of this case and we need not consider his second issue. Accordingly, we vacate Melius' illegal sentence entered on August 19, 2013.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

_____

- 13 -

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014