J-S70018-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY BAILEY, | : | |
| | : | |
| Appellant | : | No. 1885 EDA 2014 |

Appeal from the Judgment of Sentence May 21, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004233-2007
and CP-51-CR-0020375-2011

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED DECEMBER 04, 2015**

Appellant, Jeremy Bailey ("Bailey"), appeals from the judgment of sentence entered on May 21, 2014 by the Court of Common Pleas of Philadelphia County, Criminal Division.  We affirm.

As this appeal stems from the numerous revocations of Bailey's parole and probation, an overview of the facts underlying his various convictions is unnecessary.  We summarize the relevant procedural history of this case as follows.  On June 3, 2008, Bailey pled guilty to aggravated assault, criminal conspiracy, and possessing an instrument of crime at docket number CP-51-CR-0004233-2007 ("2008 convictions").  On August 12, 2008, the trial court sentenced Bailey to time served to twenty-three months of incarceration followed by five years of probation on the aggravated assault charge and to a concurrent term of time served to twenty-three months of incarceration

*Retired Senior Judge assigned to the Superior Court.

followed by five years of probation on the possessing an instrument of crime charge. Bailey did not file an appeal.

On June 27, 2011, Bailey pled guilty to possession of a controlled substance at docket number MC-51-CR-0020375-2011 ("2011 conviction"). The trial court sentenced Bailey to six to twenty-three months of incarceration. The same day, the trial court found Bailey in violation of his parole and anticipatory violation of his probation for his 2008 convictions. The trial court sentenced Bailey to the remaining balance of his sentence for his 2008 convictions, concurrent with the sentence for his 2011 conviction, followed by five years of probation. On February 27, 2012, the trial court granted Bailey's request for early parole.

On September 20, 2012, after determining that Bailey was in technical violation of his probation and parole, the trial court revoked his probation for his 2008 convictions and his parole for his 2011 conviction. On November 14, 2012, the trial court sentenced Bailey to three to twenty-three months of incarceration with immediate parole, followed by two years of probation for violating the probation for his 2008 convictions. For violating the parole of his 2011 conviction, the trial court sentenced Bailey to a concurrent term of three to twelve months of incarceration with immediate parole.

On May 14, 2013, Bailey was again arrested, this time charged with theft by unlawful taking, possession of firearm prohibited firearms not to be carried without a license; carrying firearms in public in Philadelphia, and

receiving stolen property. On May 22, 2013, the Commonwealth filed a motion for a violation of probation hearing. On March 10, 2014, the trial court held a violation of probation hearing, at the conclusion of which it found Bailey in violation of his probation for his 2008 convictions. On May 21, 2014, the trial court revoked his probation and parole for his 2008 convictions and sentenced him to eleven and a half to twenty-three months of incarceration, followed by ten years of probation. The same day, the trial court terminated Bailey's parole for his 2011 conviction, but did not impose a sentence with respect to the 2011 conviction.

On June 17, 2014, Bailey filed a timely notice of appeal. On July 30, 2014, the trial court ordered Bailey to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On August 20, 2014, Bailey's appointed counsel filed a statement of intent to file an **Anders/McClendon** brief pursuant Rule 1925(c)(4). On November 25, 2014, Bailey's appointed counsel filed in this Court a "Petition to Vacate Briefing Schedule and to Remand for Filing of Statement of Errors and Lower Court Opinion Pursuant to Rule 1925." On December 18, 2014, this Court granted Bailey's petition and remanded the case to the trial court for Bailey to file a Rule 1925(b) statement. On December 24, 2014, Bailey filed his Rule 1925(b) statement.

On appeal, Bailey raises the following issues for our review:

1.    With regard[] to [the 2011 conviction], where [Bailey] was originally sentenced to a term of incarceration and no term of probation, then found in violation of his parole and sentenced to an entirely new term of incarceration, and then again found in violation of supervision, was not the most recent sentence illegal and the revocation of that sentence based upon insufficient evidence since the Commonwealth failed to prove that the defendant was lawfully under supervision at the time of the most recent alleged violations of supervision?

2.    With regard[] to [the 2008 convictions], did not the lower court consider an impermissible factor (i.e., that [Bailey] violated supervision in [the 2011 conviction] where the sentence in that case was illegal and insufficient evidence was presented to prove a violation of that sentence) in fashioning the most recent revocation sentence for [the 2008 convictions], and does not the recognition that the lower court erred in finding [Bailey] in violation of his supervision in [the 2011 conviction] upset the sentencing scheme such that resentencing is required for [the 2008 convictions]?

Bailey's Brief at 4.

We begin by acknowledging the following standard of review of a trial court's decision to revoke a defendant's parole:

[T]he purposes of a court's parole-revocation hearing – the revocation court's tasks – are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order.    The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.    In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

- 4 -

> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (citations omitted).

For his first issue on appeal, Bailey argues that the trial court erred when it most recently revoked his parole for his 2011 conviction on May 21, 2014. *See* Bailey's Brief at 10-14. Bailey contends that the sentence he received on November 14, 2012, which was the first time the trial court revoked his parole for his 2011 conviction, was illegal. *See id.* Consequently, Bailey asserts that because the November 14, 2012 sentence was illegal, the Commonwealth could not sustain its burden of proving that he was under supervision for his 2011 conviction when he committed the crimes that led to the May 21, 2014 revocation. *See id.*

We conclude that this argument does not entitle Bailey to relief. Bailey is correct that when the trial court revoked his parole for his 2011 conviction on November 14, 2012, the trial court could only recommit him to serve the remaining unserved portion of his original sentence in that case. *See Commonwealth v. Melius*, 100 A.3d 682, 686 (Pa. Super. 2014).[1]

---

[1] In *Melius*, our Court explained the following regarding the revocation of parole:

However, the sentence that the trial court imposed on May 21, 2014 of eleven and a half to twenty-three months of incarceration followed by ten years of probation stemmed from the revocation of his probation for his 2008 convictions. The trial court did not impose that sentence for the revocation of his parole for his 2011 conviction.

The certified record reflects that on September 20, 2012, the trial court revoked Bailey's probation for his 2008 convictions and his parole for his 2011 conviction. On November 14, 2012, the trial court sentenced Bailey to three to twenty-three months of incarceration with immediate parole, followed by two years of probation on his 2008 convictions. *See* Trial Court Order (2008 convictions), 11/14/12. The trial court also sentenced Bailey on his 2011 conviction to a concurrent term of three to

---

"[A] parole revocation does not involve the imposition of a new sentence." [***Kalichak***, 943 A.2d at 290] (citing ***Commonwealth v. Mitchell***, [] 632 A.2d 934, 936 ([Pa. Super.] 1993)). "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled." *Id.* (internal citations and footnote omitted); *see also **Commonwealth v. Galletta**,* 864 A.2d 532, 538 (Pa. Super. 2004) (finding that in a violation of parole, the court is not free to impose a new sentence); ***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999) (holding that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

***Melius***, 100 A.3d at 686.

twelve months of incarceration with immediate parole, *see* Trial Court Order (2011 conviction), 11/14/12, which Bailey argues was an illegal sentence. *See* Bailey's Brief at 10-14.

The certified record further reflects that on May 13, 2013, Bailey was again arrested and charged with multiple firearms offenses, unauthorized use of a motor vehicle, and other crimes in yet another case, which gave rise to the instant revocation and re-sentencing proceedings that are the subject of this appeal. As a result of this arrest, on May 21, 2014, the trial court revoked Bailey's probation and parole for his **2008 convictions** and sentenced him to eleven and a half to twenty-three months of incarceration, followed by ten years of probation. *See* Trial Court Order (2008 convictions), 5/21/14. On the same date, the trial court entered an order terminating his parole for his **2011 conviction**, but did not impose any sentence on his 2011 conviction. *See* Trial Court Order (2011 conviction), 5/21/14.

Therefore, assuming, arguendo, that the November 14, 2012 sentence of three to twelve months of incarceration following the first revocation of Bailey's parole on his 2011 conviction was illegal, the alleged illegality of that sentence had no bearing on the sentence that is the subject of this appeal – the sentence of eleven and a half to twenty-three months of incarceration, followed by ten years of probation for violating the probation of his 2008 convictions. Moreover, because Bailey has finished serving the

three to twelve month sentence from November 14, 2012 for violating the parole of his 2011 conviction, Bailey's challenge to the legality of that sentence is moot. **See Commonwealth v. King**, 786 A.2d 993, 996 (Pa. Super. 2001) (finding "appellant's challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court."). Therefore, Bailey's first issue fails.

For his second issue on appeal, Bailey argues that the trial court abused its discretion when it sentenced him to eleven and a half to twenty-three months of incarceration, followed by ten years of probation for violating the probation of his 2008 convictions. **See** Bailey's Brief at 15-17. Bailey contends that the trial court relied on an impermissible factor when it re-sentenced him for his 2008 convictions because it took into consideration the improper revocation of his parole for his 2011 conviction. **See id.**

A claim that a trial court considered impermissible factors when sentencing a defendant is a challenge to the discretionary aspects of sentencing. **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). This rule applies to our review of sentences imposed

following the revocation of probation. ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether,

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014).

Here, Bailey failed to preserve his discretionary aspects of sentencing claim by raising it at sentencing or in a post-sentence motion. Accordingly, Bailey has failed to preserve his discretionary aspects of sentencing claim for review. ***See id.***; ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). Therefore, Bailey's second issue does not entitle him to relief.

Judgment of sentence affirmed.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/4/2015</u>