J. S63037/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PATRICK EUGENE STOKES, | : | No. 550 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 7, 2017,
in the Court of Common Pleas of Crawford County
Criminal Division at No. CP-20-CR-0001224-2015

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          FILED OCTOBER 25, 2017

Patrick Eugene Stokes appeals from the March 7, 2017 aggregate judgment of sentence of 21 to 60 months' imprisonment imposed following the revocation of his county intermediate punishment ("CIP") sentence. After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On June 19, 2016, appellant pled guilty to endangering the welfare of children, fleeing or attempting to elude a police officer, and the summary offense of operating a vehicle without the required financial responsibility.[1] These convictions arose out of an incident that occurred on December 11, 2015, when appellant fled from police with his three-year-old child in the

---

[1] 18 Pa.C.S.A. § 4304(a)(1), 75 Pa.C.S.A. §§ 3733(a) and 1786, respectively.

backseat after police attempted to stop him for driving without a valid inspection sticker. On August 26, 2016, appellant was sentenced to 60 months' CIP, with the first three months to be served in the Crawford County Correctional Facility, to be followed by three months' house arrest and the remaining balance on probation. Appellant was granted work-release privileges during his incarceration. On September 27, 2016, appellant was removed from the work-release program after he tested positive for Suboxone.[2] On March 7, 2017, the trial court held a Gagnon II[3] hearing, during which appellant admitted to ingesting a pill given to him by another inmate. (Notes of testimony, 3/7/17 at 12-14.)

Following the hearing, the trial court determined that appellant had violated the terms of his CIP sentence. That same day, the trial court vacated appellant's August 26, 2016 CIP sentence and resentenced him to

---

[2] Suboxone, which is commonly known as buprenorphine, is classified as a Schedule III controlled substance. See 35 P.S. § 780-104(3)(i)(11).

[3] In Gagnon v. Scarpelli, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [Gagnon I] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [Gagnon II] prior to the making of a final revocation decision.

Id. at 781-782.

an aggregate term of 21 to 60 months' imprisonment.  Appellant did not file a post-sentence motion to modify his sentence.   On March 30, 2017, appellant filed a timely notice of appeal.  On April 20, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b).   Appellant filed his timely Rule 1925(b) statement on May 10, 2017.  Thereafter, on June 1, 2017, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did the Trial Court error [sic] and abuse its discretion because [appellant] did not receive notice of the terms and conditions of the [CIP] sentence prior to being violated [sic] on that sentence when [appellant] took a single unproscribed [sic] [S]uboxone pill?

Appellant's brief at 3.   Appellant maintains that the trial court's purported failure to notify him of the terms and conditions of his CIP sentence violated his due process rights under the Fifth and Fourteenth Amendments.  (Id. at 3-4.)

Generally, the revocation of an intermediate punishment sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.  See Commonwealth v. Schmidt, 165 A.3d 1002, 1007-1008 (Pa.Super. 2017).

> Our Court has held that the revocation of a county intermediate punishment sentence is equivalent to the revocation of probation:

An intermediate punishment sentence imposed pursuant to 42 Pa.C.S.[A.] § 9763, Sentence of Intermediate Punishment, may be revoked where the specific conditions of the sentence have been violated. Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. 42 Pa.C.S.[A.] § 9773, Modification or revocation of intermediate punishment sentence, (b) Revocation. This rule of resentencing is analogous to that set forth for resentencing following revocation of probation. Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing. Moreover, revocation of probation occurs, as does revocation of an intermediate punishment sentence, where it has been found the defendant has violated the terms of his sentence.

Commonwealth v. Melius, 100 A.3d 682, 685-686 (Pa.Super. 2014) (internal quotation marks and some citations omitted; emphasis in original).

Upon review, we discern no abuse of discretion on the part of the trial court in revoking appellant's CIP sentence after he violated the terms and conditions of that sentence by unlawfully possessing and ingesting a schedule III controlled substance while he was participating in a court-ordered work release program. Appellant's contention that he was not properly notified of the terms and conditions of his CIP sentence is belied by the record. The August 26, 2016 sentencing order expressly notified

appellant of the terms of his CIP sentence.  Specifically, the sentencing order states as follows:

> Terms of Supervision:
>
> While on Probation, Parole or under supervision through an Intermediate Punishment Sentence, you will comply with all of the general rules and regulations set forth in Cra.R.Crim.P. 708, as well as any additional rules imposed by the Adult Probation Department.

Trial court sentencing order, 8/26/16 at 2; certified record at # 10.[4]

As recognized by the trial court,

> Local Rule 708(A), titled "Probation/Parole/ Intermediate Punishment General Rules and Regulations," provides in relevant part that "[t]he defendant shall obey the law and be of good behavior generally," and in particular, "to comply with all . . . criminal laws" and to "abstain completely from the use and possession of controlled substances."

Trial court opinion, 6/1/17 at 2 (citation omitted; emphasis added).

Undoubtedly, appellant's possession and use of Suboxone expressly violated Rule 708(A), and constituted criminal offenses under both 35 P.S. §§780-113(a)(16) and (31).  It is well established that a trial court may revoke a defendant's intermediate punishment or probation based upon his or her commission of a new crime.  See Commonwealth v. Nava, 966 A.2d 630 (Pa.Super. 2009) (explaining that the commission of new crime

---

[4] We note that the trial court's August 26, 2016 order does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

violates an implied condition of probation). Based on the foregoing, appellant's challenge to the trial court's revocation of his CIP sentence must fail.

Accordingly, we affirm appellant's March 7, 2017 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/25/2017