J-A20044-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM T. HORNER, | : | |
| | : | |
| Appellant | : | No. 1889 WDA 2017 |

Appeal from the PCRA Order November 21, 2017
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s): CP-11-CR-0000781-2012,
CP-11-CR-0000783-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED OCTOBER 31, 2018

Adam T. Horner ("Horner") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546. We vacate the Order and remand with instructions.

On August 14, 2013, Horner was admitted into the Accelerated Rehabilitative Disposition program ("ARD") for one count of theft by deception, docketed at CP-11-CR-0000781-2012 ("No. 781-2012"), and one count of theft by failure to make required disposition of funds, docketed at CP-11-CR-0000783-2012 ("No. 783-2012"). At No. 781-2012, the trial court ordered Horner to remain under the ARD program and subject to the supervision of the Cambria County Probation Bureau ("the Bureau") for 60 months, or until restitution is in full, after at least 12 months. The trial court also ordered Horner to pay restitution in the amount of $1,300 to Lowe's Home Center, and

placed Horner on a payment plan. At No. 783-2012, the trial court ordered Horner to remain under the ARD program and under the Bureau's supervision for a concurrent term of 60 months, or until restitution is paid in full. The trial court also ordered Horner to pay restitution in the amount of $4,075.07 to Lowe's Home Center.[1]

On December 23, 2013, the trial court found Horner in violation of his ARD conditions at both dockets, as a result of his failure to make restitution payments. The trial court set arrearages at $300, directed Horner to make a $200 payment immediately, and placed Horner on a payment plan.

In April 2014, Horner tested positive for drugs during an office visit, thereby violating the conditions of ARD. The trial court revoked Horner's ARD on May 22, 2014.

On May 29, 2014, Horner pled guilty to theft by deception at 781-2012, and to theft by failure to make required disposition of funds at 783-2012. The trial court deferred sentencing and ordered a pre-sentence investigation report. On July 8, 2014, the trial court sentenced Horner, at No. 781-2012, to a term of 4 to 12 months in prison, and granted furlough to the Day

---

[1] Horner was jointly and severally liable with his co-defendants for the restitution imposed at both dockets. However, the trial court subsequently removed the condition of joint and several liability, and ordered that Horner is solely liable for $1,300 in restitution.

Reporting Center. At No. 783-2012, the trial court imposed a consecutive term of 24 months' probation.[2]

In the two years that followed, Horner committed numerous parole and probation violations at both dockets, and was resentenced on several occasions. Relevantly to the instant appeal, on August 3, 2017, Horner's probation officer filed a Petition for Probation/Parole Violation Hearing at No. 781-2012, after Horner tested positive for drugs upon his return from work release. On the same date, the trial court entered an Order scheduling a hearing on the Petition.[3] On August 8, 2017, following a hearing, the trial court entered an Order at No. 783-2012, finding Horner in violation of his probation and "re-sentencing" him to serve the balance of his sentence.

On October 19, 2017, Horner, pro se, filed the instant PCRA Petition. The PCRA court appointed Horner counsel. Following a hearing on November 21, 2017, the PCRA court dismissed Horner's Petition. Horner filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

_____

[2] In its Sentencing Order regarding No. 783-2012, the trial court erroneously indicated that Horner had pled guilty to, and was sentenced on, Count 1, a third-degree felony. In fact, Horner pled guilty to, and was sentenced on, Count 2, a first-degree misdemeanor, and the trial court corrected the Sentencing Order accordingly on December 10, 2014.

[3] The trial court also entered a separate Order scheduling a hearing at No. 783-2012. However, the Petition for Probation/Parole Revocation Hearing identified only No. 781-2012, and was entered on the docket only at No. 781-2012.

On appeal, Horner claims that because the trial court ordered that his probationary sentence at No. 783-2012 be served consecutive to the prison term imposed at No. 781-2012, the court lacked authority to impose a revocation sentence at 783-2012 while he was still serving his sentence at 781-2012. See Brief for Appellant at 9-12.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." Commonwealth v. Nero, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted). "Notwithstanding timely challenges to the original conviction and sentence of probation, where a petitioner's probation is subsequently revoked and a new sentence is imposed, PCRA relief is potentially available 'only as to the issues of the validity of the revocation proceedings and the legality of the new sentence.'" Commonwealth v. Ballard, 814 A.2d 1242, 1244 (Pa. Super. 2003) (citing Commonwealth v. Anderson, 788 A.2d 1019, 1022 (Pa. Super. 2001) (emphasis in original)).

Before addressing the merits of Horner's claim, we must first consider a procedural issue presented by the instant appeal. As noted above, the Petition for Probation/Parole Violation Hearing identifies only No. 781-2012, and is docketed only at No. 781-2012. Thereafter, the trial court entered a separate Order at each docket scheduling a hearing.[4] Following a single hearing, the

---

[4] We observe that only the Order docketed at No. 781-2012 specifically indicates that the hearing was scheduled in response to the Petition for Probation/Parole Violation Hearing.

trial court entered an Order, docketed only at No. 783-2012, revoking Horner's probation and "re-sentencing" him to serve the balance of the sentence imposed on July 8, 2014, i.e., the consecutive 24-month probation term. In light of these discrepancies in the dockets, we are unable to ascertain whether the trial court intended to revoke Horner's probation at 783-2012, or whether it intended to revoke Horner's parole at 781-2012. We therefore vacate the PCRA court's Order, and remand for the court to conduct a hearing for clarification on this matter, and to correct the dockets, as well as Horner's sentence, if necessary.[5]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018

_____

[5] We remind the trial court that upon revocation of probation, the sentencing alternatives available to the court are the same as they were at the time of initial sentencing. 42 Pa.C.S.A. § 9771(b); see also Commonwealth v. Hoover, 909 A.2d 321, 323 (Pa. Super. 2006). By contrast, "a parole revocation does not involve the imposition of a new sentence. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." Commonwealth v. Melius, 100 A.3d 682, 686 (Pa. Super. 2014) (citations omitted).