J-S44037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAUREN L. HAMMEL | : | |
| | : | |
| Appellant | : | No. 685 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000093-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAUREN LEE HAMMEL | : | |
| | : | |
| Appellant | : | No. 686 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000114-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAUREN LEE HAMMEL | : | |
| | : | |
| Appellant | : | No. 687 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000530-2017

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED NOVEMBER 17, 2020**

In these consolidated appeals,[1] Lauren Lee Hammel (Appellant) appeals from the judgments of sentence imposed in the Huntingdon County Court of Common Pleas following the revocation of her parole and probation in three separate cases.  Appellant's sole issue on appeal challenges the discretionary aspects of her sentence.  Because we conclude the trial court improperly sentenced Appellant to a new term of incarceration upon the revocation of her parole at Docket No. 685 MDA 2020, we are constrained to vacate the judgment of sentence at all three dockets, and remand for resentencing.

The relevant factual and procedural history underlying these appeals are as follows:

Docket No. 685 MDA 2020

_____

[1] On June 8, 2020, Appellant filed an application in this Court seeking to consolidate these three appeal dockets, as well as two other dockets — 688 MDA 2020 and 689 MDA 2020.  On July 9, 2020, this Court granted the application, in part, by consolidating the appeals, herein, at Docket Nos. 685 MDA 2020, 686 MDA 2020, and 687 MDA 2020.  Order, 7/9/20.  Appellant has filed three identical briefs at each docket.

With regard to the two remaining dockets, the Court directed that the appeals at Docket Nos. 688 MDA 2020 and 689 MDA 2020 be listed consecutively.  **Id.**  However, those appeals were subsequently dismissed *sua sponte* by orders entered on July 20, 2020, because Appellant filed notices of appeal while her post-sentence motion was still pending.  **See** Docket Nos. 688 MDA 2020, Order, 7/20/20; Docket No. 689 MDA 2020, Order 7/20/20.  Unlike the appeals herein, those appeals do not involve revocation proceedings.  They are now relisted at Docket Nos. 1160 MDA 2020 and 1161 MDA 2020.

On April 14, 2016, Appellant entered a guilty plea to one count of theft by unlawful taking[2] at trial court docket No. CP-31-CR-0000093-2016 (93-2016). *See* Criminal Docket No. 93-2016, at 4. The trial court sentenced her to a term of two years' probation. Order of Sentence, 4/14/16. After Appellant violated the terms of her release, the trial court revoked Appellant's probation and imposed a new sentence of one to eleven and one-half months' incarceration on November 9, 2017. Order of Sentence, 11/9/17. That sentence was imposed to run consecutively to a sentence imposed at trial court docket No. CP-31-CR-0000114-2017 (114-2017). Appellant was released on parole effective December 10, 2017. Order, 12/4/17.

Docket No. 686 MDA 2020

On October 26, 2017, Appellant entered a guilty plea to one count of possession with intent to deliver (PWID) methamphetamines[3] at trial docket No. 114-2017. *See* Criminal Docket No. 114-2017, at 5. The court sentenced her to a term of three to twelve months' incarceration, followed by two years' probation. Order of Sentence, 10/26/17. Appellant was released on parole effective December 10, 2017. Order, 12/4/17.

Docket No. 687 MDA 2020

On July 2, 2018, Appellant entered a guilty plea to one count of burglary at trial docket No. CP-31-CR-0000530-2017 (530-2017). *See* Criminal

---

[2] 18 Pa.C.S. § 3921(a).

[3] 35 P.S. § 780-113(a)(30).

J-S44037-20

Docket No. 530-2017, at 4-5. The court sentenced her that same day to a term of two years' probation. Order of Sentence, 7/2/18.

Collective Procedural History

On April 1, 2019, Appellant's probation officer filed three petitions for revocation, one at each docket, alleging Appellant had violated the terms of her probation and parole based upon a March 16, 2019, arrest for new offenses, and her failure to complete "any type of treatment and/or rehabilitation program." Petition, 4/1/19, at 1.[4] The trial court conducted a **Gagnon I**[5] hearing on April 2nd and determined there was probable cause to conclude that Appellant violated the conditions of her probation/parole. **See** Order, 4/2/18. On October 31, 2019, Appellant entered a guilty plea to new offenses at the following two dockets: (1) at trial court docket No. CP-31-CR-279-2019 (279-2019), one count each of unauthorized use of a motor vehicle, and driving while operating privilege is suspended;[6] (2) trial court docket No. CP-31-CR-284-2019 (284-2019), one count each of theft by unlawful taking,

_____

[4] The petitions filed at each trial court docket are identical; all three trial docket numbers are listed on each petition. **See** Petition, 4/1/19. Furthermore, the petition mistakenly indicates Appellant violated her probation at Docket No. 93-2016, and her parole at Docket No. 114-2017, when, in fact, the opposite was true. **See id.**

[5] **Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (holding "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing").

[6] 18 Pa.C.S. § 3928(a); 75 Pa.C.S. § 1543(a).

- 4 -

and access device fraud.[7]  **See** Criminal Docket No. 279-2019 at 3-4; Criminal Docket No. 284-2019, at 3-4.  At the same hearing, Appellant admitted that her conduct constituted a violation of her probation in the cases *sub judice*.[8]  **See** N.T., 10/31/19, at 5.  The court ordered a pre-sentence investigation report and mental health evaluation prior to sentencing.  **Id.** at 6.

On March 12, 2020, the trial court sentenced Appellant on all five cases. Relevant herein, the court imposed consecutive terms of six to twelve months' imprisonment on each of the revocation dockets.  **See** N.T., 3/12/20, at 8. The court also imposed consecutive terms of six to twelve months' imprisonment on Appellant's new convictions of unauthorized use of a motor vehicle and theft.  **Id.** at 9-10.  At the conclusion of the hearing, the court entered the following order on the record:

> And now this 12th day of March, 2020, in intent of the court in the above-captioned matters is to sentence for a total of three and a half to seven years[9] in a state correctional institution, and [Appellant] shall be triple RI eligible and eligible for the State Drug

---

[7] 18 Pa.C.S. § 4106(a)(1)(ii).

[8] Again, the trial court mistakenly referred to all three violations as **probation** violations.  N.T., 10/31/19, at 5.

[9] We note at the sentencing hearing, the court imposed a sentence of one to two years' imprisonment for Appellant's conviction of access device fraud at trial docket No. 284-2019.  N.T., 3/12/20, at 10.  However, the criminal docket for that case indicates there was no further penalty imposed for that offense. **See** Criminal Docket No. 284-2019, at 3-4.  Thus, it appears the aggregate sentence imposed was only two and one-half to five years' imprisonment.

Treatment Court. [Appellant] shall receive credit for 660 Days served to this point. By the court.

*Id.* at 10. *See also* Order, 3/12/20.

On March 27, 2020, at each trial court docket, Appellant filed a post-sentence motion, asserting that the court failed to adequately consider her mental health before imposing her sentence. Appellant's Post-Sentence Motion, 3/27/20, at 2. However, before the trial court ruled on the motion, Appellant filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) at each docket.[10]

Appellant raises the same issue on appeal in all three briefs:

> Is the sentence imposed on [Appellant] manifestly excessive, given her mental health issues, acceptance of responsibility, and rehabilitative needs?

Appellant's Brief at 3.[11]

Before we may address the substantive claim posed on appeal, we must first determine whether Appellant's notices of appeal were timely filed. *See*

---

[10] We note that, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), Appellant filed a separate notice of appeal at each trial court docket. *See id.* at 977 (mandating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed").

[11] The briefs filed by Appellant are identical in all material respects, including the argument posed on appeal. However, the brief at Docket No. 685 MDA 2020 includes additional argument on two issues: (1) the trial court improperly imposed a new sentence for a parole violation, and (2) the sentence imposed was within the aggravated range of the sentencing guidelines. *See* Appellant's Brief at 7, 9, 12-14. Therefore, we will cite to Appellant's Brief at Docket No. 685 MDA 2020 throughout this memorandum.

***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) ("The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act."). Generally, a notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Here, Appellant was sentenced on March 12, 2020. Although she filed post-sentence motions on March 27, 2020 — which the trial court did not rule upon before she filed the notices of appeal — in a revocation proceeding, "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period." ***See*** Pa.R.Crim.P. 708(E). Therefore, Appellant was required to file her notices of appeal within 30 days of the judgment of sentence, or by April 13, 2020.[12] Because she did not file the notices of appeal until May 4, 2020, her appeals appear to be untimely.

Nevertheless, we decline to quash these appeals. On March 16, 2020, the Pennsylvania Supreme Court declared "a general, statewide judicial emergency until April 14, 2020, on account of COVID-19." Supreme Court of Pennsylvania No. 531 Judicial Administration Docket, Order, 3/16/20, at 1. The Order authorized the president judges in the individual judicial districts to, *inter alia*, "suspend time calculations for the purposes of time computation

---

[12] The 30th day, April 11, 2020, was a Saturday; therefore, Appellant would have had until Monday, April 13th to file a timely appeal. ***See*** 1 Pa.C.S. § 1908 (when the last day for computation of time falls on a weekend, "such day shall be omitted from the computation").

relevant to court cases . . . as well as time deadlines[.]" **Id.** at 2. The Supreme Court extended the judicial emergency in several supplemental orders, directing that the emergency shall cease on June 1, 2020. Supreme Court of Pennsylvania Nos. 531 & 532 Judicial Administration Docket, Order, 5/27/20.

Pursuant to the Supreme Court's March 16, 2020, Order, the President Judge of the Huntingdon County Court of Common Pleas also declared a judicial emergency on March 16, 2020. **See** 20th Judicial District Declaration of Judicial Emergency, 3/16/20.[13] That same day, the President Judge issued an Administrative Order providing, *inter alia*:

> For the duration of the judicial emergency within the 20th Judicial District, the Court . . . suspends time calculations for the purposed of time computation for the filing of documents or the taking of other judicially mandated action.

20th Judicial District Administrative Order (AO-6-2020), 3/16/20, at 2.[14] The judicial emergency in Huntingdon County was subsequently extended until December 31, 2020. **See** 20th Judicial District Fourth Extended Declaration of Judicial Emergency, 8/31/20, 33 MM 2020.[15] Accordingly, because the Huntingdon County Court of Common Pleas suspended time calculations

---

[13] https://huntingdoncountycourt.net/wp-content/uploads/2020/03/Declaration-of-Judicial-Emergency.pdf

[14] https://huntingdoncountycourt.net/wp-content/uploads/2020/03/3-16-Huntingdon-County-Actions-Pursuant-Declaration-of-Judicial-Emergency.pdf

[15] https://huntingdoncountycourt.net/wp-content/uploads/2020/09/Fourth-Extended-Declaration-of-Judicial-Emergency.pdf

during this judicial emergency, we decline to quash Appellant's notices of appeal as untimely filed.

Appellant's sole issue on appeal is a challenge to the discretionary aspects of her sentence. Appellant insists the trial court imposed a "manifestly excessive" sentence, which was "clearly motivated by the trial court's assessment of [Appellant] as 'a menace to the citizens of Huntingdon County and to [her] family.'" Appellant's Brief at 9-10 (record citation omitted). She maintains the trial court failed to consider the factors listed in 42 Pa.C.S. § 9725, which dictate when a court should impose a sentence of total confinement. *Id.* at 11-13. Further, Appellant emphasizes that her "mental health evaluation affirmed that residential treatment outside of a correctional facility, followed by intensive outpatient treatment at a halfway house, along with psychotherapy throughout her treatment, offered the best chance for [Appellant] to address her addiction issues." *Id.* at 12 (record citation omitted). She concludes that her sentence should be vacated because the trial court, "[i]n crafting this sentence, . . . failed to consider [her] mental health issues, acceptance of responsibility, and her well-established rehabilitative needs." *Id.* at 14.

Preliminarily, we must consider Appellant's contention that her sentence at Docket No. 685 MDA 2020 was improper because the court imposed a new term of incarceration upon a revocation of parole. Appellant's Brief at 9. We agree.

Upon the revocation of a defendant's **probationary** sentence, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. *See* 42 Pa.C.S. § 9771(b); ***Commonwealth v. Wallace***, 870 A.2d 838, 842-43 (Pa. 2005). However, "the only option for a court that decides to revoke **parole** is to recommit the defendant to serve the already-imposed, original sentence." ***Commonwealth v. Melius***, 100 A.3d 682, 686 (Pa. Super. 2014) (quotation omitted and emphasis added).

As noted ***supra***, at trial court docket No. 93-2016, Appellant was originally sentenced to a term of two years' probation. However, her probation was revoked on November 9, 2017, and she was resentenced to a term of one to eleven and one-half months' incarceration. The new sentence did **not** include a term of probation. Appellant was subsequently paroled in December of 2017.

Accordingly, at the revocation proceedings on October 31, 2019, the trial court's only option at docket No. 93-2016, was to revoke Appellant's **parole** and recommit her to serve the balance of the sentence previously imposed. Because "there is no authority for a parole-revocation court to impose a new penalty,"[16] we are constrained to vacate the judgment of

---

[16] ***Commonwealth v. Kalichak***, 943 A.2d 285, 290 (Pa. Super. 2008).

sentence imposed at trial court docket No. 93-2016, and remand for resentencing.

Appellant's sentences at trial court docket Nos. 114-2017 and 530-2017, however, were imposed after the trial court revoked Appellant's **probation** at those two dockets. As noted ***supra***, upon the revocation of probation, a court has the authority to impose any sentence that was available at the time of the original sentencing, which may include a new term of incarceration. ***See*** 42 Pa.C.S. § 9771(b); ***Wallace***, 870 A.2d at 843. A defendant may then challenge the discretionary aspects of the new sentence imposed by petitioning this Court for permission to appeal. ***See Kalichak***, 943 A.2d at 289.

In the present case, however, we need not consider Appellant's challenge to the discretionary aspects of her revocation sentences at trial court docket Nos. 114-2017 and 530-2017 because our decision to vacate her sentence at trial court docket no. 93-2016 "has the potential to disrupt the trial court's entire sentencing scheme." ***See Commonwealth v. McCamey***, 154 A.3d 352, 359 (Pa. Super. 2017). The trial court made clear, both during the sentencing hearing and in its written order, its intent to impose an aggregate term of incarceration for the five trial court dockets before it (three of which are before us on appeal). N.T., 3/12/20, at 10; Order, 3/12/20. Accordingly, we vacate the judgments of sentence imposed on trial court docket Nos. 93-2016, 114-2017, and 530-2017, and remand for resentencing.

We reiterate that the court's only option at docket no. 93-2016 is to recommit Appellant to serve the balance of the sentence previously imposed.

Judgments of sentence vacated at docket Nos. 93-2016, 114-2017, and 530-2017. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020