J-S12014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERENCE LOMAX | : | |
| | : | |
| Appellant | : | No. 1384 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009948-2016

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED JULY 20, 2021**

Terence Lomax appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  After careful review, we vacate and remand for resentencing.

In February of 2017, Lomax entered a guilty plea to criminal trespass[1] of an occupied structure after breaking into a woman's home and hiding under her bed.  The Honorable Susan I. Schulman sentenced Lomax to four years of reporting probation. On October 29, 2019, Lomax pled guilty in another matter, to another count of criminal trespass, while still on probation for the 2017 conviction.  In that case, he broke into an ex-girlfriend's home and hid under her daughter's bed.  The Honorable Robert P. Coleman sentenced Lomax to three to sixteen months of imprisonment followed by two years of

_____

[1]  42 Pa.C.S.A. § 3503(a).

probation.  Judge Coleman allowed Lomax to serve the confinement portion of his sentence on house arrest, which he began the same day, on October 29, 2019.

At a violation of probation (VOP) hearing on November 18, 2019, Judge Shulman found Lomax in direct violation of his 2017 probationary sentence as a result of this new conviction,[2] and she revoked Lomax's four-year probation sentence from the 2017 conviction and sentenced him to a six-to-twelve-month term of imprisonment.  Judge Shulman ordered this sentence to be served consecutively to Judge Coleman's sentence, but specified that Lomax would serve the new term of imprisonment prior to the remainder of his house arrest sentence.  In other words, Judge Schulman ordered an interruption to Judge Coleman's ongoing house arrest sentence for Lomax to serve the six-to-twelve-month imprisonment term for his VOP.   Lomax filed a motion for reconsideration of his VOP sentence, which was denied.  This appeal followed.

Lomax raises the following issue for our review:  "Did not the lower court err and abuse its discretion or impose an illegal sentence when it ordered that a sentence be served prior to a sentence that had already been imposed by another judge?"  Appellant's Brief, at 3.

The standard of review to determine the legality of a sentence depends on the statutory authorization that exists for a particular sentence. **Commonwealth v. Kinney,** 777 A.2d 492, 494 (Pa. Super. 2001).  If no

---

[2] 42 Pa.C.S.A. § 9771(c)(1).

statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated. ***Id.*** Our standard of review is plenary and is limited to determining whether the trial court committed an error of law. ***Commonwealth v. Bradley,*** 834 A.2d 1127, 1131 n.2 (Pa. 2003).

Lomax contends that there is no authority for a trial court to order that a sentence be served prior to a sentence already imposed by another judge in a separate case, thus making the sentence illegal. Appellant's Brief, at 11. We agree.

Following revocation of probation, a trial court is limited only by the maximum sentence it could have originally imposed at the time of the probationary sentence. ***See*** 42 Pa.C.S.A § 9771(b); ***see also Commonwealth v. Fish,*** 752 A.2d 921, 923 (Pa. Super. 2000). The sentencing court has wide discretion in fashioning a sentence upon revocation of probation as long as it follows the Sentencing Guidelines and stays within the statutory maximum. ***See Commonwealth v. Charles,*** 488 A.2d 1126, 1130 (Pa. Super. 1985); ***see also Commonwealth v. Bowser,*** 783 A.2d 348, 350 (Pa. Super. 2001) (sentencing court has discretion to fashion appropriate sentence if probation is violated); ***see also Commonwealth v. Melius***, 100 A.3d 682, 686 (Pa. Super. 2014) (citing 42 Pa.C.S.A. § 9771) ("Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing."). Specifically, the trial judge has discretion over whether a sentence should run consecutively or concurrently with another sentence being imposed at the

same time or to sentences already imposed. 42 Pa.C.S.A. § 9721(a) ("In determining the sentence to be imposed the court shall consider and select one or more of the following alternatives and may impose them consecutively or concurrently.").

While the trial court's sentencing discretion is considerable, we find no statutory authorization for a trial court to order that a sentence be served prior to a sentence that has been imposed by another judge and which a defendant has already begun serving.[3] Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2021

---

[3] The trial court indicated that it is not opposed to Lomax's request to remand for sentencing. **See** Trial Court Opinion, 9/8/20, at 3.